%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Central Leasing Co. Of NJ, LLC

## DEFENDANTS
Chapel Steel Corp.

(b) County of Residence of First Listed Plaintiff: **Bergen**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lipsky and Brandt - Joshua B. Ladov, Esquire
1101 Market Street, Suite 2820
Philadelphia, PA 19107    (215)922-6644

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | X 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | X 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | X 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Conversion/replevin of secured collateral

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 285,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  6/2/08

SIGNATURE OF ATTORNEY OF RECORD  /s/ Joshua B. Ladov, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 32 Central Ave., Midland Park, NJ 07432

Address of Defendant: c/o CT Corporation System, 1515 Market St., Ste 1210, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia Naval Shipyard
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Conversion/replevin of secured collateral
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Joshua B. Ladov, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6/2/08    _____ Joshua B. Ladov, Esq.    73274
                 Attorney-at-Law                       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/2/08    _____ Joshua B. Ladov, Esq.    73274
                 Attorney-at-Law                       Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 32 Central Ave., Midland Park, NJ 07432

Address of Defendant: c/o CT Corporation System, 1515 Market St., Ste 1210, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia Naval Shipyard
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
        Conversion/replevin of secured collateral
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Joshua B. Ladov, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6/2/08   _____ Attorney-at-Law Joshua B. Ladov, Esq.   73274 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/2/08   _____ Attorney-at-Law Joshua B. Ladov, Esq.   73274 Attorney I.D.#

CIV. 609 (4/03)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Central Leasing Co. of NJ, LLC
        V.

Chapel Steel Corp., et al.

Civil Action
No: _____

DISCLOSURE STATEMENT FORM

Please check one box:

☒      The nongovernmental corporate party, Central Leasing Co. of NJ, LLC, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐      The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

6/2/08
Date

[Signature]
Signature

Counsel for: Central Leasing Co. of NJ, LLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
    (1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
    (2)      promptly file a supplemental statement upon any change in the information that the statement requires.

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Central Leasing Co. Of NJ, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Chapel Steel Corp., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| _6/2/08_ | Joshua B. Ladov, Esquire | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| | | |
| (215)922-6644 | (215)440-7185 | jladov@lipskybrandt.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

File No.: 06664.05

| | |
|---|---|
| CENTRAL LEASING CO. OF NJ., LLC<br><br>vs.<br><br>CHAPEL STEEL CORP.,<br><br>and<br><br>WILLIAM CONDOSTA<br>a/k/a WILLIAM R. CONDOSTA<br><br>and<br><br>PRIME PLATE ENTERPRISES, INC.<br>t/a PRIME PLATE INDUSTRIES, INC. | No.:<br><br>CIVIL ACTION |

## COMPLAINT

## THE PARTIES

1.      Plaintiff, Central Leasing Co. of NJ, LLC (hereinafter "Plaintiff" or "Central") , is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 32 Central Ave., Midland Park, NJ 07432.  Plaintiff is authorized to do business in the Commonwealth of Pennsylvania.

2.      Defendant, Chapel Steel Corp. (hereinafter "Chapel"), is believed and therefore averred to be a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered office c/o CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

3.      Defendant, William Condosta a/k/a William R. Condosta (hereinafter "Condosta") is believed and therefore averred to be an individual domiciliary of the Commonwealth of Pennsylvania with a residence address at 2023 Carol Avenue, Bethlehem, PA 18018.

4.      Defendant, Prime Plate Enterprises, Inc. t/a Prime Plate Industries, Inc. (hereinafter "Prime Plate"), is believed and therefore averred to be a defunct Pennsylvania corporation, with a registered business address at 2001 Langley Avenue, Philadelphia, PA 19112.

5.      Upon information and belief, at all times herein concerned herein, Defendant, Condosta, was Vice President of Defendant, Prime Plate, and was fully authorized and empowered to act on behalf of Prime Plate pertaining to the subject matter of the instant Complaint.

## JURISDICTION AND VENUE

6.   Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C.A. §1332(a)(1) in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7.   Venue is based upon 28 U.S.C.A. §1391(a)(2) in that the events giving rise to Plaintiff's claim occurred in the Eastern District of Pennsylvania.

## THE SECURITY AGREEMENT AND ASSIGNMENTS THEREOF

8.   Central is a secured creditor of Prime Plate by virtue of the following:

9.   On or about December 17, 1999, Prime Plate entered into a security agreement (hereinafter the "Security Agreement") with Crossbridge Capital Partners, LLC (hereinafter "Crossbridge") whereby Prime Plate granted a continuing security interest in and lien upon the property and interests of Prime Plate as more fully set forth in paragraph 2 of the Security Agreement. A true and correct copy of the Security Agreement is attached hereto and incorporated herein by reference as Exhibit "1".

10.  On or about December 3, 2003, Crossbridge assigned its interest in and to the Security Agreement to the CIT Group/Business Credit, Inc. (hereinafter "CIT") by virtue of an Assignment, Assumption and Release Agreement and a Bill of Sale and Assignment (hereinafter collectively referred to as the "Crossbridge Assignment"). A true and correct copy of the December 3, 2003 Crossbridge Assignment is attached hereto and incorporated herein by reference as Exhibit "2".

11.  On or about March 10, 2005, CIT assigned its interest in and to the Security Agreement to Central by virtue of a certain Loan Assignment Agreement (the "CIT Assignment"). A true and correct copy of the CIT Assignment is attached hereto and incorporated herein by reference as Exhibit "3".

## THE FINANCING STATEMENT, ASSIGNMENTS, AND CONTINUATIONS THEREOF

12.  A UCC-1 Form Financing Statement was timely filed with the Pennsylvania Department of State on October 8, 1999 recorded as filing number 30810831. A true and correct copy of Crossbridge's UCC-1 Form Financing Statement is attached hereto and incorporated herein by reference as Exhibit "4".

13.  On or about December 11, 2003, a UCC-1 Form Financing Statement Amendment assigning the interest of Crossbridge to CIT was filed at number 20031201518. A true and correct copy of the UCC-1 Form Financing Statement Amendment is attached hereto and incorporated herein by reference as Exhibit "5".

14. On or about August 31, 2004, a UCC-1 Form Financing Statement Amendment number continuing the filing of number 30810831 was filed making effective CIT's security interest through October 8, 2009. A true and correct copy of the UCC-1 Form Financing Statement Amendment is attached hereto and incorporated herein by reference as Exhibit "6".

15. On or about April 1, 2005, a UCC-1 Form Financing Statement Amendment assigning the interest of CIT in Financing Statement number 30810831 to Central was filed at number 2005040603503. A true and correct copy of the UCC-1 Form Financing Statement Amendment is attached hereto and incorporated herein by reference as Exhibit "7".

16. In addition, a Second UCC-1 Form Financing Statement was timely filed with the Pennsylvania Department of State on October 8, 1999 thereby further perfecting Crossbridge's security interest at number 30810834. A true and correct copy of the UCC-1 Form Financing Statement is attached hereto and incorporated herein by reference as Exhibit "8".

17. Filing number 30810834 was assigned by Crossbridge to CIT on December 11, 2003, continued on August 31, 2004, and assigned to Central on April 1, 2005 as indicated in the "filing chain for a debtor" retrieved from the Pennsylvania Department of State website, a true and correct copy of which is attached by reference as Exhibit "9".

### THE SALE AND CONVERSION OF CENTRAL'S COLLATERAL

18. On or about February 2, 2007, Prime Plate, by and through Condosta, executed a Bill of Sale as part of an Equipment Sales Agreement to sell one (1) Mi-Jack Gantry Crane, Model 650C, Serial No. 1250 (hereinafter the "Crane"). A true and correct copy of the Equipment Sales Agreement is attached hereto and incorporated herein by reference as Exhibit "10". The Bill of Sale is attached as Exhibit "D" to Exhibit "10".

19. The purchase price paid by Chapel for the Crane as enumerated in the Equipment Sales Agreement was $285,000.00.

20. In accordance with the wiring instructions attached as Exhibit "E" to the Equipment Sales Agreement, $195,266.22 was to wired to Mi-Jack Products, Inc. ("Mi-Jack") via the Schwabenland & Ryan escrow account, and the sum of $89,733.78 was to be wired to Prime Plate via the Iolta/Mark S. Haltzman & Associates attorney escrow account.

21. Upon information and belief, the foregoing wire transfers were completed on or about February

2, 2007.

22.     Upon information and belief, the $285,000.00 purchase price of the crane represented the fair market value thereof at the time that the Equipment Sales Agreement was consummated.

23.     Further, at the time, title to the crane passed from Mi-Jack to Prime Plate pursuant to the Bill of Sale dated February 2, 2007 attached as Exhibit "C" to the Equipment Sales Agreement, the Crane became the property of Prime Plate to which Central's security interest attached.

24.     When title to the crane passed from Prime Plate to Chapel, Central's security interest continued in the Crane (collateral) in the hands of Chapel <u>and to the proceeds of the sale of the crane in the hands of Prime Plate</u>.

25.     Prime Plate, by and through its counsel, Mark S. Haltzman, Esquire (hereinafter "Haltzman"), was notified[1] by letter from Joshua B. Ladov, Esquire (hereinafter "Ladov") that the sum of $89,733.78 was the rightful collateral of Central and that anyone who came into possession of the proceeds was liable to Central for the tort of conversion; and that any officers of Prime Plate who personally participated in the sale of the crane would be held personally liable to Central for conversion as well; and finally directing Haltzman to immediately turn over the proceeds to Ladov on behalf of Central and/or recover same from whomever received the proceeds and to immediately turn them over to Ladov. A true and correct copy of Ladov's February 14, 2007 letter is attached hereto and incorporated herein by reference as Exhibit "11".

26.     The aforesaid letter was delivered to Haltzman via facsimile on February 14, 2007, and served via certified mail on February 15, 2007, and the regular mail was not returned to Ladov. True and correct copies of the fax transmittal cover sheet, confirmation page, and certified mail return receipt are attached hereto and incorporated herein by reference collectively as Exhibit "12."

27.     At the time of CIT's Assignment of the Crossbridge debt to Central, the loan balance was $1,811,694.67, and no payment thereon has been made to Central since the date of the CIT Assignment.

## COUNT I - CONVERSION
### PLAINTIFF VS. DEFENDANTS, CHAPEL AND PRIME PLATE

28.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

29.     Upon information and belief, Chapel moved the crane from the Philadelphia Naval Ship Yard to

---

[1] Haltzman was a carbon copy recipient of Ladov's February 14, 2007 letter.

its facility at the Pottstown Industrial Complex, Building 2E, 191 South Keim Street, Pottstown, Pennsylvania.

30. Chapel has deprived Central of Central's right of property in, or use or possession of, or otherwise interfered with the crane without Central's consent and without lawful justification.

31. Central had immediate right to possession of the crane at the time it was converted by Chapel.

32. "Where a debtor sells collateral subject to a perfected security agreement, the secured party may proceed . . . against the purchaser (a) by repossession of the purchased goods in person or by action in replevin, or (b) *by an action in trespass for conversion of the collateral*." First Pennsylvania Banking and Trust Company v. Liberati, 282 Pa. Super.198, 206, 422 A.2d 1074, 1077-78, 30 UCC Rep. Serv. 1469, ___ (1980) (citations omitted).

33. The measure of damages for conversion is market value of the converted property at the time and place of conversion. In this case, $285,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant, Chapel Steel Corp., in the amount of $285,000.00 together with costs, continuing interest at Pennsylvania's statutory prejudgment interest rate of 6% per annum, together with such other and further relief as this Honorable Court deems just and equitable.

## COUNT II - CONVERSION
## PLAINTIFF VS. DEFENDANT, CHAPEL

34. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

35. On April 24, 2008, Plaintiff, by and through its Counsel, Ladov, made demand upon Chapel's Counsel, William J. Clements, Esquire (hereinafter "Clements"), of the Law Firm of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP for the return of the Crane to Central at its offices at 32 Central Avenue, Midland Park, NJ 07432 within ten days from the date of the April 24th letter; or alternatively for Clements to contact Ladov within said ten day period to make arrangements for the removal of the Crane from Chapel's premises. True and correct copies of the April 24, 2008 Letter from Ladov to Clements, fax transmittal cover sheet, and confirmation page are attached hereto and incorporated herein by reference collectively as Exhibit "13."

36. Chapel neither returned the Crane nor made arrangements for the removal of the Crane from Chapel's premises as demanded by Plaintiff.

37. Chapel has deprived Central of Central's right of property in, or use or possession of, or otherwise interfered with the crane without Central's consent and without lawful justification.

38. Central had immediate right to possession of the crane at the time it was converted by Chapel.

39. The measure of damages for conversion is market value of the converted property at the time and place of conversion. In this case, $285,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant, Chapel Steel Corp., in the amount of $285,000.00 together with costs, continuing interest at Pennsylvania's statutory prejudgment interest rate of 6% per annum, together with such other and further relief as this Honorable Court deems just and equitable.

## COUNT III - CONVERSION
## PLAINTIFF VS. DEFENDANT, PRIME PLATE

40. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

41. "Where a debtor sells collateral subject to a perfected security agreement, the secured party may proceed (1) against the debtor (a) to collect the debt on the original instrument or (b) to assert his rights under the security agreement against any identifiable proceeds in the hands of the debtor . . . ." Id.

42. There were identifiable proceeds in the hands of Prime Plate, by and through its counsel, Haltzman, Esquire in the sum of $89,733.78 which was wired into the Iolta account of attorney Haltzman.

43. In failing to turnover the $89,733.78 proceeds to Central's counsel, Prime Plate deprived Central of its right of property in, or use or possession of, or otherwise interfered with the aforesaid proceeds without Central's consent and without lawful justification.

44. Central has suffered damages by virtue of Prime Plate's conversion in the sum of $89,733.78.

WHEREFORE, Plaintiff demands judgment against Defendant, Prime Plate Enterprises, Inc. a/k/a Prime Plate Industries, Inc., in the amount of $89,733.78 together with costs, continuing interest at Pennsylvania's statutory prejudgment interest rate of 6% per annum, together with such other and further relief as this Honorable Court deems just and equitable.

## COUNT IV - CONVERSION
## PLAINTIFF VS. DEFENDANT, WILLIAM CONDOSTA A/K/A WILLIAM R. CONDOSTA

45. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

46. Upon information and belief, Condosta negotiated the purchase option for the buyout of the lease of the Crane with Mi-Jack and/or participated in the sale of the Crane from Prime Plate to Chapel and/or participated in and/or directed the wire transfers to and through the account of Mark S. Haltzman & Associates

and/or directed the disposition thereof. Further, Condosta specifically directed the aforesaid acts to be done, or participated or cooperated therein.

47. Condosta's direction, participation and/or cooperation in the aforesaid acts worked a deprivation of Central's right of property in, or use or possession of, or interfered with Central's right in and to the $89,733.78 in proceeds which was deposited into the account of Mark S. Haltzman & Associates on behalf of Prime Plate, all without Central's consent and without lawful justification.

48. Accordingly, Condosta, as Vice President of Prime Plate, took part in the commission of the tort of conversion and is personally liable, jointly and severally, with Prime Plate.

49. Central has suffered damages in the sum of $89,733.78.

WHEREFORE, Plaintiff demands judgment against Defendant, William Condosta a/k/a William R. Condosta, in the amount of $89,733.78 together with costs, continuing interest at Pennsylvania's statutory prejudgment interest rate of 6% per annum, together with such other and further relief as this Honorable Court deems just and equitable.

## COUNT V - REPLEVIN
### PLAINTIFF VS. DEFENDANT, CHAPEL

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

51. Prior to February 2, 2007 and as a result of the sale of the Crane, Prime Plate was in default of the Security Agreement.

52. The occurrence of an event of default under the Security Agreement gave Central a right to immediate possession of the Crane.

53. A security interest, when coupled with a right of immediate possession, satisfies the requirements for maintaining an action in replevin. Brandywine Lanes, Inc. V. Pittsburgh National Bank, 220 Pa. Super. 363, 369, 284 A. 2d 802, 806, 9 UCC Rep. Serv. 1285, ___ (1972).

54. A plaintiff in a replevin action need not set up title good against the whole world, but must show good title as against the defendant in possession. Id.

55. Central has good title as against Chapel.

56. Central has a right to immediate possession of the Crane.

57. Upon information and belief, the value of the Crane to be replevied equals purchase price paid

agreed by Chapel to be paid for the Crane as enumerated in the Equipment Sales Agreement, i.e., $285,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant, Chapel Steel Corp., as follows:

a. Determining Plaintiff's right to immediate recovery and possession of the Crane;

b. The money value of the Crane based upon the value as set forth in this complaint, i.e., $285,000.00 plus interest, attorney's fees and repossession costs;

c. Plaintiff's right for compensatory damages for the unjust retention of said property by Defendant, and the consequential and special damages flowing therefrom to Plaintiff;

d. Lost revenue and/or rental income;

e. Reasonable expenses associated with the return of the Crane to Plaintiff;

f. For the costs of this action; and

g. For such other and further relief as this Honorable Court deems just and equitable.


/s/ Joshua B. Ladov
By: Joshua B. Ladov, Esquire
Lipsky & Brandt
Aramark Tower, Suite 2820
1101 Market Street
Philadelphia, Pa 19107-2993
Office: (215) 922-6644
Fax: (215) 440-7185
jladov@lipskybrandt.com
Attorney for Plaintiff,
Central Leasing Co. of NJ, LLC