EXHIBIT "2"

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CENTRAL LEASING CO.           :
OF N.J., LLC,                 :
              Plaintiff       :   CIVIL ACTION

       vs.                    :

CHAPEL STEEL CORP.            :
         AND                  :
WILLIAM CONDOSTA a/k/a        :
WILLIAM R. CONDOSTA           :
         AND                  :
PRIME PLATE ENTERPRISES,      :
INC., t/a PRIME PLATE         :
ENTERPRISES, INC.             :
              Defendant       :

       vs                     :

CORBAN CORPORATION t/d/b/a:
ENCOR COATINGS                :
         AND                  :
EDWARD GLEASON                :
   Third-Party Defendants :   No. 08-CV-2569
                      ----------
                  Friday, October 24, 2008
                      ----------

     Deposition of WILLIAM CONDOSTA, taken pursuant to
notice at the law offices of Lamm, Rubenstone, Lesavoy,
Butz & David, LLC, 2600 Horizon Blvd., Suite 200,
Trevose, Pennsylvania, on the above date, beginning at
approximately 10:00 a.m., before Celeste Perla,
Certified Shorthand Reporter and Notary Public.

              MONTCO REPORTING SERVICE
               Court Reporting Services
                 1000 Gypsy Hill Road
              Lower Gwynedd, Pennsylvania 19002
                  (215) 643-1228 (Ofc.)
```

## Page 2

APPEARANCES:

LIPSKY AND BRANDT
BY: **JOSHUA B. LADOV, ESQUIRE**
1101 MARKET STREET
SUITE 2820
PHILADELPHIA, PA 19107-2993
Representing the Plaintiff

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS
BY: **LISA A. LORI, ESQUIRE**
260 S. BROAD STREET
PHILADELPHIA, PA 19102
Representing Chapel Steel Corp.

LAMM, RUBENSTONE, LESAVOY, BUTZ & DAVID, LLC
BY: **MARK S. HALTZMAN, ESQUIRE**
3600 HORIZON BLVD.
SUITE 200
TREVOSE, PA 19053
Representing William Condosta

COPY

## Page 3

INDEX

WITNESS                                          PAGE
WILLIAM CONDOSTA

    Examination by Mr. Ladov             4

    Examination by Ms. Lori              61

    Examination by Mr. Haltzman          None

                    ----------

                    EXHIBITS

NUMBER         DESCRIPTION                 PAGE

Condosta-1     Lipsky and Brandt
               Letter 10/21/08             18
Condosta-2     Exhibit "10"
               Document                    19
Condosta-3     Exhibit "11"
               Document                    37
Condosta-4     Exhibit "1"
               Document                    39
Condosta-5     Exhibit "2"
               Document                    43
Condosta-6     Exhibit "3"
               Document                    46
Condosta-7     Exhibit "14"
               Document                    51
Condosta-8     Exhibit "5"
               Document                    53
Condosta-9     Exhibit "6"
               Document                    53
Condosta-10    Exhibit "7"
               Document                    54
Condosta-11    Exhibit "8"
               Document                    55
Condosta-12    E-mail
               Joshua Ladov                55
Condosta-13    Fax
               2/25/2007                   58
Condosta-14    Lamm Rubenstone, Lesavoy,
               Butz & David, LLC
               1/18/07                     79

## Page 4

                    ----------
                    PROCEEDINGS
                    ----------

It is hereby stipulated by and among counsel that the sealing, certification and filing are waived, and that all objections, except as to the form of the question, are reserved until the time of trial.

                    ----------

**WILLIAM CONDOSTA**, having been first duly sworn, is examined and testifies as follows:

                    ----------

BY MR. LADOV:

Q. Mr. Condosta, my name is Joshua Ladov, I am the attorney for the Plaintiff in this matter, Central Leasing Company of New Jersey, LLC. I am going to give you a couple of instructions before we begin. It will make the deposition go a bit more smoothly.

The first is, the court reporter to my left, to your right, is taking down everything that we say, so it is important that your responses be spoken.

29

1  Agreement on behalf of and thereby bind the corporate
2  entities that they represent."
3          Did I read that correctly? Did I read
4  that correctly?
5  A.  On the advice of counsel, I decline to answer
6  based on my Fifth Amendment Rights.
7  Q.  Who authorized and/or empowered you to execute
8  the Agreement on behalf of Prime Plate?
9  A.  On the advice of counsel, I decline to answer
10 based on my Fifth Amendment Rights.
11 Q.  Next page, please, Page 4.
12         Is that your signature on that document
13 under Prime Plate Enterprises, Inc.?
14 A.  On the advice of counsel, I decline to answer
15 based on my Fifth Amendment Rights.
16 Q.  And were you Vice President of Prime Plate on
17 February 1st, 2007?
18 A.  On the advice of counsel, I decline to answer
19 based on my Fifth Amendment Rights.
20 Q.  When did you first become Vice President of Prime
21 Plate?
22 A.  On the advice of counsel, I decline to answer
23 based on my Fifth Amendment Rights.
24 Q.  Did you ever cease or resign as Vice President of

30

1  Prime Plate?
2  A.  On the advice of counsel, I decline to answer
3  based on my Fifth Amendment Rights.
4  Q.  When did you sign this document?
5  A.  On the advice of counsel, I decline to answer
6  based on my Fifth Amendment Rights.
7  Q.  Where were you when you signed the document?
8  A.  On the advice of counsel, I decline to answer
9  based on my Fifth Amendment Rights.
10 Q.  In whose presence did you sign the document?
11 A.  On the advice of counsel, I decline to answer
12 based on my Fifth Amendment Rights.
13 Q.  Turn, please, to Exhibit "A" of Condosta-2. Next
14 page is entitled Lease Agreement dated October 1st,
15 2002. It says that the Lessee is Prime Plate
16 Industries, Inc.
17         Is that the same as Prime Plate
18 Enterprises?
19 A.  On the advice of counsel, I decline to answer
20 based on my Fifth Amendment Rights.
21 Q.  It lists an address for Prime Plate Industries,
22 Inc., of 1121 Admiral Peary Way - Quarters L.,
23 Philadelphia, PA, 19112.
24         Has Prime Plate always been at that

31

1  location?
2  A.  On the advice of counsel, I decline to answer
3  based on my Fifth Amendment Rights.
4  Q.  Did it ever change locations?
5  A.  On the advice of counsel, I decline to answer
6  based on my Fifth Amendment Rights.
7  Q.  Where is its registered corporate address?
8  A.  On the advice of counsel, I decline to answer
9  based on my Fifth Amendment Rights.
10 Q.  Has its corporate address ever changed?
11 A.  On the advice of counsel, I decline to answer
12 based on my Fifth Amendment Rights.
13 Q.  A little further down it says Description of
14 Property and it lists the description of the crane.
15         Are you personally familiar with the
16 crane?
17 A.  On the advice of counsel, I decline to answer
18 based on my Fifth Amendment Rights.
19 Q.  What was it used for?
20 A.  On the advice of counsel, I decline to answer
21 based on my Fifth Amendment Rights.
22 Q.  Where was it located until its removal?
23 A.  On the advice of counsel, I decline to answer
24 based on my Fifth Amendment Rights.

32

1  Q.  At the bottom right hand corner of that page
2  there is initials that appear there and initials that
3  appear on every page thereafter.
4          Whose initials are they?
5  A.  On the advice of counsel, I decline to answer
6  based on my Fifth Amendment Rights.
7  Q.  Are you familiar with those initials?
8  A.  On the advice of counsel, I decline to answer
9  based on my Fifth Amendment Rights.
10 Q.  Are you familiar with the signature of Ed
11 Gleason?
12 A.  On the advice of counsel, I decline to answer
13 based on my Fifth Amendment Rights.
14 Q.  On the page after the body of the lease itself
15 there is a document titled Acceptance Supplement. And
16 it's seventeen pages and right thereafter is an
17 Acceptance Supplement. Will you turn to that, please.
18         The Acceptance Supplement indicates
19 that it's prepared pursuant to a lease dated October
20 1st, 2002, but I note that the signatures at the bottom
21 indicate that they are dated January 1st, 2003.
22         Can you tell me why that is?
23 A.  On On the advice of counsel, I decline to answer
24 based on my Fifth Amendment Rights.

57

1  different than what is represented as being the facts
2  in this e-mail?
3  A.  On the advice of counsel, I decline to answer
   based on my Fifth Amendment Rights.
   Q.  It indicates in the second full paragraph
6  beginning, "My recollection is that Lamm Rubenstone
7  instituted a wire transfer to Steel Management of
8  $47,500," and so on.
9      Do you know what entity is being
10 referred to in that e-mail as Steel Management?
11 A.  On the advice of counsel, I decline to answer
12 based on my Fifth Amendment Rights.
13 Q.  Is that Steel Management Systems, Inc.?
14 A.  On the advice of counsel, I decline to answer
15 based on my Fifth Amendment Rights.
16 Q.  Do you know when Steel Management or Steel
17 Management Systems, Inc. was formed?
18 A.  On the advice of counsel, I decline to answer
19 based on my Fifth Amendment Rights.
20 Q.  Where it's located?
21 A.  On the advice of counsel, I decline to answer
22 based on my Fifth Amendment Rights.
23 Q.  Who its shareholders or officers are?
24 A.  On the advice of counsel, I decline to answer

58

1  based on my Fifth Amendment Rights.
2  Q.  When it was formed or whether it is still in
3  existence?
4  A.  On the advice of counsel, I decline to answer
5  based on my Fifth Amendment Rights.
6      -----------
7      (Whereupon, Condosta-13, Fax,
8      2/25/2007, was marked for
9      identification.)
10     -----------
11 BY MR. LADOV:
12 Q.  Mr. Condosta, I am showing you what has been
13 marked as Condosta-13, which I will represent to you it
14 is the document that was produced to me at the
15 beginning of today's deposition.
16     Did you bring that document with you
17 today and supply it to Mr. Haltzman?
18 A.  On the advice of counsel, I decline to answer
19 based on my Fifth Amendment Rights.
20 Q.  I note that it's a fax and it indicates that it's
21 to Ed from William Condosta. And the reference line is
22 "FYI-Formal Resignation" and I will read its contents.
23 It says, "As per hour discussions, the Mi-Jack deal is
24 closed and nothing remains for me to do. This is the

59

1  last role I am performing as VP of Operations or any
2  other capacity of Prime Plate. Please consider this my
3  formal resignation. Thanks, Bill." And it's signed
4  "William Condosta".
5      Do you have the fax cover sheet for
6  this?
7  A.  On the advice of counsel, I decline to answer
8  based on my Fifth Amendment Rights.
9  Q.  Do you have a fax transmission report indicating
10 that it was actually sent?
11 A.  On the advice of counsel, I decline to answer
12 based on my Fifth Amendment Rights.
13 Q.  What computer was this generated from?
14 A.  On the advice of counsel, I decline to answer
15 based on my Fifth Amendment Rights.
16 Q.  Do you still have the computer it was generated
17 from?
18 A.  On the advice of counsel, I decline to answer
19 based on my Fifth Amendment Rights.
20 Q.  Was the only reason you became Vice President of
21 Prime Plate for the purpose of negotiating, preparing
22 and/or executing the Equipment Sales Agreement with
23 Chapel Steel --
24 A.  On the advice of counsel, I decline to answer

60

1  based on my Fifth Amendment Rights.
2  Q.  -- and with Mi-Jack?
3  A.  On the advice of counsel, I decline to answer
4  based on my Fifth Amendment Rights.
5  Q.  Turning back to Condosta-1.
6      On the subpoena I asked that you bring
7  certain documents with you here today. Specifically,
8  "Any and all documents relating or pertaining to that
9  certain Equipment Sales Agreement between Prime Plate
10 Industries, Inc., as Seller ("PPI"), and Chapel Steel
11 Corporation as Buyer, including, but not limited to,
12 all drafts thereof, the lease with Mi-Jack Products,
13 Inc., and any and all documents relating or pertaining
14 to PPI's acquisition of an interest, legal or
15 equitable, in that certain Mi-Jack Gantry Crane, Model
16 650C, Serial No. 1250, and the disposition of said
17 interest."
18     Do you have any other documents
19 responsive to this subpoena?
20 A.  On the advice of counsel, I decline to answer
21 based on my Fifth Amendment Rights.
22 Q.  With regard to the transfer or removal of the
23 crane, it's physical transfer or removal, what was the
24 nature and extent of your involvement, if any, in that?

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

File No.: 06664.05

| | |
|---|---|
| CENTRAL LEASING CO. OF NJ., LLC<br><br>vs.<br><br>CHAPEL STEEL CORP., et al. | No.: 08-2569<br><br>CIVIL ACTION |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Reply to Response of Mark S. Haltzman, Esquire, to Plaintiff's Request for Entry of Default Judgment, and Plaintiff's Further Request for Entry of Default Judgment Against Prime Plate Enterprises, Inc. t/a Prime Plate Industries, Inc. was served on the following persons **via electronic notice**:

LISA A. LORI
KLEHR HARRISON HARVEY
BRANZBURG & ELLERS, LLP
260 SOUTH BROAD STREET
PHILADELPHIA, PA 19102
215-569-2586
llori@klehr.com

Counsel for Chapel Steel Corp.

MICHAEL K. CORAN
KLEHR, HARRISON, HARVEY, ET AL.
260 S. BROAD ST.
4TH FLOOR
PHILADELPHIA, PA 19102
215-569-2497
Fax: 215-568-6603
Email: mcoran@klehr.com
Counsel for Chapel Steel Corp.

MARK S. HALTZMAN
LAMM RUBENSTONE LLC
3600 HORIZON BLVD
SUITE 200
TREVOSE, PA 19053
215-638-9330
Email: mhaltzman@lammrubenstone.com
Counsel for William Condosta a/k/a William R. Condosta

This document has been filed electronically and is available for viewing and downloading from the ECF System.

DATED: June 16, 2009

/s/ Joshua B. Ladov
By: Joshua B. Ladov, Esquire
Lipsky & Brandt
Aramark Tower, Suite 2820
1101 Market Street
Philadelphia, Pa 19107-2993
Office: (215) 922-6644
Fax: (215) 440-7185
jladov@lipskybrandt.com
Attorney for Plaintiff,
Central Leasing Co. of NJ, LLC